UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLEWELLYN W. SMITH | CIVIL ACTION |
| VERSUS | NO. 10-1160 |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | |

### ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Property & Casualty Insurance Company ("Allstate"), hereby removes to this Court the state court action described below.

1. On March 11, 2010, Llewellyn W. Smith ("Plaintiff") filed this action, seeking recovery of losses or damages incurred as a result of Allstate's alleged bad faith in handling Plaintiff's claim for damages to property caused by Hurricanes Katrina, Rita and Gustav, which Plaintiff alleges were covered under Plaintiff's Allstate homeowners insurance policy.[1]

2. The Petition names Allstate, a foreign non-Louisiana insurer, as the sole Defendant. (Petition ¶ 1)

3. This action was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Llewellyn W. Smith v. Allstate Property & Casualty Insurance Company*, docket number 2010-2401, division N.

---

[1] While not relevant to this removal, Allstate Property & Casualty Insurance Company never issued a policy of insurance to Plaintiff, and that policy was in fact issued by Allstate Insurance Company, hence Plaintiff improperly sued Allstate Property & Casualty Insurance Company when the only proper defendant is Allstate Insurance Company. Allstate will take this up by Motion after removal, if the Complaint is not voluntarily amended by plaintiff to dismiss Allstate Property & Casualty Insurance Company, and substitute Allstate Insurance Company. Defendant has been improperly sued.

4. The gravamen of the Petition is that Allstate failed to properly adjust Plaintiff's claim and failed to properly compensate Plaintiff, and that Allstate's alleged conduct was arbitrary and capricious, entitling Plaintiff to bad faith damages under the Louisiana bad faith statutes, La. Rev. Stat. 22:1973 and 22:1982. (Petition ¶¶ 3-6).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all properly joined parties and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

6. Allstate has attached all pleadings filed in the record of the state court proceeding as of the date of this filing. (Exhibit A.) Plaintiff served Allstate on March 26-5, 2010. Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

### Complete Diversity Exists As To All Properly Joined Parties

7. Plaintiff alleges that he is a citizen of the State of Louisiana. (Petition, ¶ introduction) Allstate is alleged to be a foreign insurer doing business in the State of Louisiana. (*Id.* at ¶ 1) Allstate is in fact incorporated in Illinois with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); Ex. B, Affidavit of Daniel Murphy ("Murphy Aff.") at ¶ 5.

8. Complete diversity exists between Plaintiff, who is a Louisiana citizen and Allstate, a non-Louisiana citizen. Allstate has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity as to all joined parties and, as seen below, the amount in controversy exceeds $75,000.

### The Amount In Controversy Exceeds $75,000

9. The Petition is silent as to the total amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in

controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party, here Allstate, can meet this burden by setting forth facts in demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

10. Here, it is apparent that the amount in controversy exceeds $75,000. Plaintiff alleges that he was the owner of a property located at 1810-1812 Columbus Street, New Orleans, Louisiana, 70116. (Petition, ¶ 3) Plaintiff alleges that his property sustained "extensive wind damage" resulting in losses to his property, including but not limited to loss of use, mold and loss of contents. Additionally, Plaintiff has pled he sustained damages under three separate Hurricane events of Katrina, Rita and Gustav, alleging coverage under his policy for each Hurricane. (Petition, ¶¶ 3,5-9)

11. Plaintiff never was issued a policy of insurance from Defendant, Allstate Property & Casualty Insurance Company. However, Plaintiff was issued a landlord's insurance policy with Allstate Insurance Company, under which Plaintiff's claims could be made, and which policy has dwelling limits of $129,490, and limits of $6,474 for personal property, as well as loss of rents for up to 12 months. (Exhibit B, Murphy Aff. at ¶ 4.) These limits are properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met).

12. Allstate Insurance Company has tendered payments to Plaintiff but there is more than $75,000 remaining available under the policy for each Hurricane event. Accordingly, the various available limits of coverage under the policy alone exceed $75,000. (Exhibit B, Murphy

Aff. at ¶ 6.)

13.     Since Plaintiff alleges his property suffered extensive damages as a result of the Hurricanes Katrina, Rita and Gustav, and there is, as noted above, more than $75,000 left on the policy's limits issued by Allstate Insurance Company, it is clear that, based on the contractual damages Plaintiff is seeking alone, there is more than $75,000 in controversy in this case.

14.     In addition to the contractual amounts claimed, however, Plaintiff attempts to state causes of action under a bad faith insurance statute, La. Rev. Stat. 22:1973, which provides for penalties that can total twice the amount of damages. (Petition ¶¶ 12-13)   While Allstate denies it acted in bad faith, penalties are properly included in determining the jurisdictional amount.  *See Albarado*, 1991 WL 165733, at *1 (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law).  Here Plaintiff is seeking over $75,000 in compensatory damages. That amount, plus potential double penalties, clearly puts the amount in controversy vastly over $75,000.  Plaintiff's claim for attorney's fees swells the amount in controversy even more over $75,000.

15.     Nevertheless, Plaintiff purports to "stipulate" that his damages do not exceed $75,000. (Petition, 10, Exhibit A) This stipulation obviously is made in an attempt to deprive Allstate of its right to a federal forum. But the stipulation is deficient on its face, and it does not conclusively determine whether the amount in controversy exceeds the jurisdictional threshold. Under Louisiana law, a plaintiff is not limited to recovery of the damages requested in its pleadings. See La. Code Civ. Proc. Art 862; *Davis v. State Farm Fire & Cas.*, No. 06-0560, 2006 WL 1581272, at *2 (E. D. La. June 7, 2006). Thus the courts have expressly recognized "the

potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction" by so pleading. See *Pendleton v. Parke-Davis*, No. 00-2736, 200 WL 1808500, at *2 (E. D. La. Dec. 7, 2000). Because there is the risk of such manipulative tactics, " a defendant can still seek removal to federal court despite stipulation as to an amount in controversy." *Hampton*, 2003 WL 133223 at *2 (E. D. La. Jan. 14, 2003)

16. Here most fundamentally, Plaintiff's purported stipulation is deficient as a matter of law for purposes of establishing the amount in controversy because plaintiff has not renounced the right to accept a judgment in excess of $75,000 and he has failed to stipulate he will not amend the Complaint later to seek such an amount. In *Davis v. State Farm Fire & Cas.*, the court expressly held that a " plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleading and stipulations to bind him." See *Davis*, 2006 WL 1581272 at *2 (citing La. Civ. Prov. Art 862). In *Davis*, Judge Vance considered similar stipulations by plaintiffs in their hurricane suits, and held that the plaintiffs' stipulations in their state court petitions in which they said they sought less than $75,000 in damages, but, as well as, here, failing to renounce any potential Complaint amendment to later seek such amount, were insufficient to show that the amount in controversy was below $75,000. As in *Davis*, Plaintiff's purported stipulation here is deficient because it fails to renounce the right to accept a judgment in excess of – ($75,000 and it also fails to renounce the right to later amend the Complaint to seek an amount in excess of $75,000.) (Petition, 10, Exhibit A)

17.   This result is further compelled by the fact that counsel for Allstate  provided Plaintiff with an opportunity to stipulate, with the proper provisions discussed above, that he was

really seeking less than $75,000. Plaintiff has declined to sign a binding stipulation on the amount in dispute, with the appropriate renunciations of damages in excess of $75,000 and the later ability to amend. Plaintiff's failure to sign such a binding stipulation only further demonstrates that the amount in controversy exceeds $75,000 in this case.

18.     Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction purposes, and there is complete diversity between the parties.

WHEREFORE, Allstate Property & Casualty Insurance Company respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885
Email: jdonovan@donovanlawler.com

Attorneys for defendant,
Allstate Property & Casualty Ins. Co.

CERTIFICATE OF SERVICE

I hereby certify that on April, 22, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**James L. Donovan, Jr.** jdonovan@donovanlawler.com

**Richard J. Fernandez**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ James L. Donovan, Jr.